IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAVARIS MONTEZ BLOODSER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:18-cv-02649-TLP-tmp |
| v. ) | |
| ) | |
| ANGELA OWENS, Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2241,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Javaris Montez Bloodser[1] applied for habeas corpus relief under 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.)[2] Respondent, Federal Correctional Institution ("FCI") Warden Angela Owens, responded in opposition. (ECF No. 11.) And Bloodser replied. (ECF No. 12.) For the reasons below, this Court **DENIES** the § 2241 Petition.

**PROCEDURAL HISTORY**

**I.     Petitioner's Federal Criminal Case and Collateral Challenges**

Petitioner pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), in the United States District Court for the Middle District of Georgia. (*See United States v. Bloodser*, Case No. 5:13-cr-00047-TES-CHW-1

---

[1] The Bureau of Prisons ("BOP") has custody of Petitioner and has assigned him register number 96706-020. The Government is housing him at the Federal Correctional Institution ("FCI") Schuykill in Minersville, Pennsylvania.
[2] The Court at first dismissed the petition without prejudice for failure to pay the filing fee or seek in forma pauperis status. (ECF No. 4.) But Petitioner later paid the filing fee, and the Court reopened the case. (ECF Nos. 7 & 8.)

(M.D. Ga. 2014), ECF Nos. 43 & 55.)  At sentencing, the district court applied the career offender enhancement under U.S.S.G. § 4B1.1, based on three prior qualifying felony convictions.  (ECF No. 66 at 33.)  The court then sentenced Petitioner to imprisonment for 151 months under the advisory sentencing guidelines.  (ECF No. 55.)  Petitioner appealed.  In July 2015, the Eleventh Circuit affirmed Petitioner's conviction and sentence.  (ECF No. 75); *United States v. Bloodser*, 610 F. App'x 952, 953 (11th Cir. 2015).  Petitioner then moved for relief under 28 U.S.C. § 2255, which the court there denied.  (ECF No. 93.)

## II.     Petitioner's § 2241 Petition

Petitioner now seeks relief under § 2241 by challenging his career offender sentencing enhancement.  (Civ. No. 18-2649, ECF No. 1.)  And he alleges that, under the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior conviction for "sale of a counterfeit substance" did not qualify as a controlled substance offense under U.S.S.G. § 4B1.2(b).[3]  (*Id.* at PageID 39.)  He further claims that the aggravated assault and felony obstruction convictions should count as a single offense.  (*Id.*)  And so, he contends that the sentencing court should not have applied the career offender enhancement.[4]  (*See id.*)

---

[3] The problem he faces is that the definition of a controlled substance offense in U.S.S.G. § 4B1.2(b) includes both "controlled substance (or a counterfeit substance)."  So this argument fails on the merits.

[4] Petitioner may be confused about the requirements for Career Offender status under the sentencing guidelines.  To qualify as a career offender under U.S.S.G. § 4B1.1(a), one needs only 2 convictions for either a violent felony or drug trafficking offense.  The District Court here determined that Petitioner had 3 qualifying convictions (aggravated assault, obstruction of an officer by violence, and Sale of a Counterfeit Substance) and this Court agrees with that analysis.  But Petitioner argued then—and repeats those arguments here—that the drug conviction should not count because he was convicted for selling counterfeit crack cocaine and because the obstruction case and the assault conviction should be considered a single offense because the state court sentenced him for those offenses on the same date with concurrent sentences.  (ECF No. 1-1 at PageID 43-81.)  But, in the end, it only take 2 felony convictions to qualify as a career offender.  So even if those two convictions somehow merge to become one, he has another drug conviction which still qualifies him as a career offender.

2

He explains that with the career offender enhancement his advisory guidelines range was 151 to 188 months. (*Id.* at PageID 1.) The sentencing court sentenced him to 151 months—at the low end of the range. (*Id.*) But without the enhancement, the range would have been only 77 to 96 months. (*Id.*) And so he argues that the enhancement caused the sentencing court to give him a longer sentence than the correct guidelines would have suggested. (*See id.*)

He recognizes, though, that to attack the validity of his sentence, he would typically need to move under § 2255, instead of § 2241. (*Id.* at PageID 36.) Even so, he argues that he may use § 2241 to attack his sentence here. (*See id*. at PageID 39–40.) He relies on *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), where the Sixth Circuit held that a petitioner may qualify for relief under § 2241 in limited circumstances under the § 2255 savings clause. (*See id*.)

In sum, the Court **DENIES** Petitioner's Petition, because the Court finds that Petitioner does not qualify for relief under *Hill*.

## STANDARD OF REVIEW

This Court may issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Federal prisoners may obtain relief only under limited circumstances. But there is a savings clause in 28 U.S.C. § 2255. The "savings clause" in § 2255 is limited. It says:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Thus, only if the § 2255 remedy is inadequate or ineffective, the savings clause allows a federal prisoner to challenge the imposition of his sentence under § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).

Petitioner here argues the sentencing court wrongly applied the career offender enhancement when sentencing him. (ECF No. 1.) Put differently, he attacks the district court's calculation and the imposition of his sentence. As a result, the only way he can bring this claim under § 2241 is if relief under § 2255 is inadequate or ineffective. *See* 28 U.S.C. § 2255(e).

To that end, Courts have uniformly considered that language in § 2255 (e) and held that where a federal prisoner challenges his conviction or the imposition of his sentence, he should petition the sentencing court for relief under 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted). On the other hand, if he seeks to challenge the execution or way that he serves his sentence, he should petition under 28 U.S.C. § 2241 in the court with jurisdiction over the prisoner's custodian. *Id.*; *see also Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) ("The rule [is] simple: § 2255 for attacks on a sentence, § 2241 for other challenges to detention."); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."). What is more, Petitioner bears the burden of proving that the savings clause applies. *Charles*, 180 F.3d 756. And some might think they may file under § 2241 just because the court denied their motion under § 2255.

But that is not how it works. As the Sixth Circuit said, "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been

4

denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). In *Wright*, the Sixth Circuit explained

> A federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must also show that binding adverse authority (or some greater obstacle) left him with "no reasonable opportunity" to make his argument any earlier, "either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255[.]" Otherwise, § 2255 is simply not inadequate or ineffective to test his claim.

939 F.3d at 703 (internal citations omitted).

If the savings clause does apply, "a petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause by showing that he is 'actually innocent.'" *Hill*, 836 F.3d at 594. To explain, under § 2241, a prisoner can obtain relief only if he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804–805 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court to date has permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). And "[a]ctual innocence means factual innocence," not just legal insufficiency. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Until recently, a petitioner could not use § 2241 to raise claims of actual innocence of a sentencing enhancement. *See Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

But in *Hill v. Masters*, the Sixth Circuit held that inmates can challenge their sentences under § 2241, if they can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence

presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." 836 F.3d at 595. As for the third prong, a petitioner may show a fundamental defect if his sentence exceeds the maximum prescribed by statute. *Id.* at 596. A petitioner may also show a fundamental defect if he was (1) sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) foreclosed from filing a successive petition under § 2255, and (3) a later retroactive change in statutory interpretation by the Supreme Court reveals that his previous conviction is not a predicate offense for a career-offender enhancement. *Id.* at 599–600.

With these standards in mind, the Court will now explain why Petitioner's claim here fails.

## **ANALYSIS**

For starters, Petitioner's claim does not satisfy the *Hill* test mentioned above, and it does not fall under either of the categories of cases redressable under the § 2255 savings clause. For example, Petitioner does not argue (nor could he) that his sentence exceeds the statutory maximum. (*See* ECF No. 1.) And at Petitioner's sentencing hearing, the court did not impose his sentence under mandatory sentencing guidelines. (*See* ECF No. 1-2 at PageID 76.) Instead, the trial court sentenced Petitioner under the *advisory* guidelines. (*See id.*) This is important, because the *Hill* court did not extend the savings-clause remedy to defendants sentenced under the advisory guidelines. *See* 836 F.3d at 599–600. To the contrary, the *Hill* court emphasized that it was only extending the remedy to a "narrow subset" of § 2241 petitions. *Id.* ("we reiterate that our decision addresses only a narrow subset of § 2241 petitions . . . prisoners who were sentenced under the *mandatory* guidelines regime pre-*U.S. v. Booker* . . .") (emphasis added).

What is more, the Sixth Circuit has rejected non-constitutional challenges to an advisory guidelines range on collateral review under § 2255.  *Snider v. United States*, 908 F.3d 183, 189–90 (6th Cir. 2018); *Bullard v. United States*, 937 F.3d 654, 660–61 (6th Cir. 2019).  In *Bullard*, the Sixth Circuit emphasized that under an advisory guidelines scheme, a district court keeps its discretion to impose a sentence which can vary upward or downward from the suggested range.  937 F.3d at 659.  And "[t]his discretion confirms the absence of any 'miscarriage of justice' in Guidelines calculations: a district court can lawfully impose the same sentence with or without the career offender designation."  *Id.*

Other courts have generally agreed that alleged errors under the advisory guidelines cannot be "fundamental defects" justifying collateral relief.  *United States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015) ("[M]isapplication of the sentencing guidelines does not amount to a miscarriage of justice." (citation omitted)); *Spencer v. United States*, 773 F.3d 1132, 1139–42 (11th Cir. 2014) (en banc); *Hawkins v. United States*, 706 F.3d 820, 822–25 (7th Cir. 2013); *see also Sun Bear v. United States*, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc) (holding that even mandatory guideline errors are not fundamental defects).

In the end, the sentencing court here sentenced Petitioner under advisory guidelines, and Petitioner's claim now does not fall into the narrow subset of claims allowed under *Hill*.  And so, he may not use § 2241 to challenge his sentence.  The Court therefore **DENIES** Petitioner's § 2241 Petition.

## APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Witham v.*

*United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

Habeas petitioners seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. And to appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides, however, that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner has no right to relief here, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal here would not be taken in good faith. So the Court DENIES leave to appeal in forma pauperis.[5]

**SO ORDERED**, this 14th day of May, 2021.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or move to proceed in forma pauperis with a supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.